620 A.2d 1124

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

Perry C. PERRINO, Respondent.

No. 668 Disciplinary Docket No. 2.
Disciplinary Board No. 3 DB 89.

Supreme Court of Pennsylvania.

Argued Sept. 24, 1992.

Decided Feb. 19, 1993.

Bruce A. Antkowiak, Greensburg, for respondent.

Before NIX, C.J., and FLAHERTY, PAPADAKOS and CAPPY, JJ.

ORDER

PER CURIAM:

Rule to Show Cause entered by this Court on February 28, 1992, is discharged. It is ORDERED that respondent be and he is suspended from the Bar of this Commonwealth for a period of five years, retroactive to January 9, 1989, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

LARSEN and ZAPPALA, JJ., did not participate in the consideration or decision of this matter.

PAPADAKOS, J., files a dissenting statement.

PAPADAKOS, Justice, dissenting.

I dissent from any sanction less than outright disbarment. My reading of recommendations favoring suspension reveals two interrelated analytical errors. First, there is a failure to

distinguish between *use* and *distribution* of drugs. Second, there appears to be an unwillingness, at least in this case, to recognize our duty to the integrity of the legal profession.

The analysis of the Disciplinary Board, as well as the entire argument put forward by the Respondent, is directed at the use of drugs and the psychological rehabilitative achievements of this particular lawyer. These are admirable considerations and, indeed, our law provides for mitigation in disciplinary proceedings where a psychiatric disorder, including addiction, is present. *Office of Disciplinary Counsel v. Braun*, 520 Pa. 157, 553 A.2d 894 (1989). Nor am I unmindful of Respondent's tragic personal history. If this case were limited to possession and use, I would have no difficulty in agreeing to a suspension. Under such circumstances, where there was no harm except to the user, suspension would be adequate under *Braun*.

Here, however, we are confronted with *distribution and sale* of cocaine as well. Distribution runs to a greater public harm, and I believe that it must engage the issue of protecting the "integrity of the legal system." *Office of Disciplinary Counsel v. Keller*, 509 Pa. 573, 506 A.2d 872 (1986). I conclude that distribution of cocaine is of such great dimension in casting shadows on the legal system itself that disbarment is required in order to vindicate the public's faith in the law. It is one thing to consider the plight of a lone user; it is an entirely different and much more serious matter to weigh the sanctions where the user intended to sell cocaine.